PALMER *v.* MELTZER.

1. NEGLIGENCE—BATHHOUSES—RAY LAMPS—OVEREXPOSURE—CON-
TRIBUTORY NEGLIGENCE—VERDICTS—EVIDENCE.

In action against owner of bathhouse for damages for burns
sustained from overexposure to a ray lamp, testimony sup-
ported jury's verdict for plaintiff under instructions leaving
question of contributory negligence of plaintiff for jury.

2. SAME—BATHHOUSES—RAY LAMP—CONTRIBUTORY NEGLIGENCE—
EVIDENCE.

Whether plaintiff, suffering numbness in left leg from a
neurological condition, was guilty of contributory negligence
after feeling heat from lamp on right leg in crossing his left
leg over his right leg so as to bring' left leg closer to ray lamp
under which bathhouse attendant had left plaintiff was a ques-
tion of fact for jury under evidence presented, hence entry of
judgment for defendant bathhouse owner notwithstanding
verdict for plaintiff was reversible error.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted October 6, 1943. (Docket No. 25, Calendar
No. 42,508.) Decided December 29, 1943.

Case by Michael Palmer against Harry Meltzer,
doing business as Oakland Bath House, for injuries
sustained when he was burned by a heat lamp. Ver-
dict for plaintiff. Judgment for defendant *non ob-
stante veredicto.* Plaintiff appeals. Reversed and
remanded for entry of judgment on verdict.

*Betzold & Pfeifer* (*Isaac M. Smullin,* of counsel),
for plaintiff.

Functions of court and jury in determining contributory negligence,
see 2 Restatement, Torts, § 476; as to perception of facts perceptible
to normal persons, see § 289, comment h.

*Max Tauber (Jacob F. Schulman,* of counsel), for defendant.

WIEST, J. In January, 1941, plaintiff, by reason of a neurological condition, experienced numbness in his left leg which caused him to limp when walking. January 11, 1941, he went to the public bathhouse of defendant, paid for admission, was given a towel and a locker and went to the steam room where he stayed about two hours. From the steam room, he claims, he went and got a massage, given by an attendant, and which lasted for about a half hour. He was then told to go upstairs and receive a rubdown with alcohol. In walking he limped and this was noticed by the attendant who suggested that he receive a treatment from a ray lamp which would penetrate into his legs. He paid for the massage and ray lamp treatment. He claims the attendant brought the lamp and put it over his legs and said to him "Lay there quiet and I will be back." He claims he lay there under the lamp for about 20 to 25 minutes and "dozed off." When he wakened he was getting hot and looked for the attendant who came and said, "I almost forgot you here, that you are under the lamp." When the lamp was turned off he began to feel that his skin was "drawing up" but paid no attention to it. From the bathhouse he went home and the next morning he noticed big blisters on his left leg and some small blisters on his right leg. He called a doctor and was sent to the Henry Ford Hospital where it was found he had second and third degree burns on his left leg. He was in the hospital for about three weeks and had a skin graft on the left leg where it was burned. The skin for the graft was taken from his right leg.

May 1, 1941, he brought this suit against the

owner of the bathhouse to recover damages on account of the burn, alleging it was occasioned by the negligence of the employee of defendant. Upon trial by jury he had verdict for $750.

At the close of plaintiff's proofs counsel for defendant moved for a directed verdict of no cause of action and renewed the motion at the close of all the proofs. The court held the motions under advisement and submitted the questions of fact to the jury. We quote the following from the charge:

"In this case, as far as the plaintiff is concerned, his obligation was a little different than the average case because of this particular condition. When you are considering the question as to whether or not he was guilty of contributory negligence, you have to consider not only did he do some act that an ordinary prudent person would have done or did he fail to do some act that an ordinary prudent person would have done under similar circumstances, and was the doing of that act or failure to do that act a contributing cause—you not only have that, but you have also what would an ordinary prudent person have done or not have done under similar circumstances if they had this same condition that he had when he went into the bathhouse. We had some kind of a condition there with his legs which we learned later on in the testimony, is multiple sclerosis. Evidently it had something to do with his feeling pain or feeling heat from this lamp. So, that the question as regards the contributory negligence of the plaintiff in this case is a question of fact for you to decide. Was he guilty of contributory negligence as a matter of fact, going into the bathhouse in the condition he was in, laying under this light, dozing off to sleep, waking up, putting this other leg on top of the other, and so forth—everything that he did there with the condition he was in and under the conditions, just as they existed there that night

—was he guilty of contributory negligence? That is the first question for you to decide.''

After verdict, the court considered the motions for a directed verdict and entered judgment for defendant. Plaintiff reviews by appeal.

An examination of the record discloses testimony supporting the verdict of the jury.

It was claimed by defendant that plaintiff, even if the attendant failed to give him the proper attention, was guilty of contributory negligence in that when he felt the heat from the lamp on his right leg, he crossed the left leg over the right leg to relieve the heat and this brought his left leg closer to the ray lamp and, by reason of the numbness of his leg on account of the neurological condition, he was unable to sense the dangerous heat and avoid the same.

In entering judgment, contrary to the verdict, the circuit judge held that the plaintiff was guilty of contributory negligence, on account of the numbness of his left leg, in placing his left leg over his right leg and nearer the heat of the lamp.

A reading of the record leads us to find that the testimony was sufficient to carry the issues of fact to the jury. The verdict was sustained by the facts.

The court was in error in entering judgment *non obstante veredicto*. The judgment so entered is reversed and the case remanded to the circuit court for entry of judgment on the verdict. Plaintiff will recover costs.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.